The opinion of the court was delivered by
Spencer, J.
In the suit of Celestine Caillier, administratrix, vs. Maraist, Fournet & Co., plaintiff obtained judgment against said firm and G. A. Fournet for $558 30, being the amount of their promissory note .payable to the order of Joseph Caillier, of whom plaintiff was sole heir .and claimed to be administratrix.
The judgment was rendered after answer by all the defendants, in -which they confessed their indebtedness. This answer was signed by G-. A. Fournet, as their attorney at law. In the judgment it is recited -as having been rendered “ by reason of the law and evidence being in 'favor of plaintiff,” etc., “and for the further reason that- defendants have «confessed judgment,” etc. The judgment then decrees a stay of execution as to all the defendants until first March, 1878. It was signed 29 th May, 1877.
*1088 This is an action to annul that judgment, and it was filed March 8, 1878. The grounds of nullity are in substance—
First — That it was rendered on confession contained in the answer filed by G. A. Fournet, attorney at law ; that said attorney was without authority to confess judgment, and was not the attorney of said Maraist, Fournet & Co., which firm was composed of three members, A. Maraist, Charles St. Germain, and Y. A. Fournet.
Second — That the note sued upon was not. the property of Joseph Caillier or of Celestine; but was given to said Joseph Caillier in settlement of a balance due him as executor of Uranie Patin, said executor having-surrendered certain mortgage notes of Y. A. Fournet in exchange for said-note so sued upon.
Third — That said Celestine was never legally appointed or qualified as administratrix of her said deceased father Joseph, and had no right to sue on said note.
We will consider these grounds of nullity in their order.
First — The judgment recites that it was rendered “by reason of the law and evidence ” as well as “ by reason of the confession.” But we are disposed to give plaintiffs the benefit of their proposition that it was rendered on confession. G. A. Fournet was an attorney at law, and the evidence shows that Y. A. Fournet and Maraist consulted him about this suit. True, they swear they did not employ him as attorney, or authorize him to confess judgment. Y. A. Fournet admits that a few days after the judgment G. A. Fournet told him about the judgment, and that “ he had obtained a stay of execution.” Auguste Maraist admits that he knew all about the judgment having been rendered. In fact, he was sworn as a witness for plaintiff. He admits that as soon as he got off the witness-stand he retired to a room and called G. A. Four-net and told him to see that a stay of execution was obtained, and G. A. Fournet promised to do so. That the next day on going to the courthouse G. A. Fournet told him he had obtained the stay of execution until first March, 1878. Other witnesses show that Maraist heard the attorney, G. A. Fournet, read the answer in open court. St. Germain, the other party plaintiff in this cause, admits that he knew of the suit, but says he left the management of lawsuits to his partner, Maraist. He says he never authorized any attorney to appear or answer or confess for him.
But there is one fact which to our mind utterly destroys the pretense of plaintiffs in this cause. It is that with full knowledge of the act of G. A. Fournet confessing judgment for them, and knowing that the judgment had been rendered, they quietly avail themselves of the long stay of execution stipulated in their favor — from May to March— nearly a year. During all this time they are silent. They are gathering *1089 the fruits of their attorney’s alleged unauthorized acts. When that delay expires and the plaintiff wants her money they suddenly awake and claim that the attorney had no authority. They can not be thus permitted to enjoy the advantages gained for them by the attorney and repudiate the burdens imposed.
This case does not differ in principle from that of Lallande vs. Jones, 14 An. 715, when this court held that the defendant, who availed herself of the stay of execution' stipulated for her by her attorneys in a confession of judgment, would not be heard to deny their authority to make the confession.
As to the second and third grounds of nullity, there is no force in them. The note sued upon belonged to J os. Caillier. It was payable to his order. It did not belong to the estate of Patin. The fact that Caillier obtained it in payment of or exchange for notes of the estate held by him as executor did not make it the property of that estate. He was responsible to that estate for the notes he gave up, and could not have compelled it to take the note he got in return. If that note was lost or worthless, it was his loss, not the estate’s.
It needs no argument or authority to show that the want of capacity of Celestine as administratrix of her father’s estate is no ground to annul the judgment. It could not have been pleaded even, except in limine. Besides, the allegations of the defendants in that suit show that she was sole heir of her father.
There is no error in the judgment appealed from, and it is affirmed with costs of both courts.